*302 OPINION OF THE COURT
Jack Mackston, J.
Defendants move for an order modifying a Grand Jury subpoena duces tecum directed to their accountant, which commands, inter alla, the production of personal income tax returns of the defendants, Frank DiOrio, Sr., Mildred DiOrio and George Meyer.
MOTION TO MODIFY
Defendants move to modify item number 3 of the subpoena duces tecum directed to their accountant Donald Jaffee (hereinafter Jaffee) which commands Jaffee to produce the personal income tax returns of Frank DiOrio, Mildred DiOrio and George Meyer, for the period January 1, 1985 to present.
The defendants claim that they have standing to bring this application because they are interested parties whose rights to privacy are directly at stake and the items sought are unrelated to any legitimate objective of the Grand Jury and that the District Attorney is using the Grand Jury as a fishing expedition in hope of uncovering other criminal activity. It is further argued that the request for personal tax returns should be viewed as an improper use of the subpoena power to harass defendants. In support of their privacy rights argument, the defendants claim that the subpoena violates the confidentiality provisions of the Federal Tax Reform Act of 1976 (26 USC § 6103 [a]) and the secrecy provisions of the New York State Tax Law (Tax Law § 697 [e]).
The People oppose. By way of background they assert that the Grand Jury has indicted defendants Merrick Utility Associates, Inc. (hereinafter Merrick), Frank DiOrio, Sr. (president of Merrick) and George Meyer (general manager of defendant Merrick) for the crimes of grand larceny in the second degree; falsifying business records in the first degree and conspiracy in the fourth degree. Defendant Meyer is also indicted with one count of criminal facilitation in the fourth degree.
According to the People, defendant Merrick is a corporation engaged in construction, specializing in excavation work and until recently was the excavation subcontractor for the New York Telephone Co., for the years 1970 to present.
The first phase of the Grand Jury investigation which culminated in the aforesaid indictment concerned allegations that the defendant Merrick and its principals engaged in *303 fraudulent business practices with the New York Telephone Co. and Local 138 of the operating engineers, manifested by fraudulent billings and alleged ERISA violations with respect to Local 138. The focus of the investigation was the year 1988.
The present phase of the investigation concerns similar activities by defendant Merrick in additional years other than 1988 and investigation of allegations of inter alla income and sales tax evasion, falsifying business records and grand larceny. To aid the continuing investigation, the Grand Jury issued the subject subpoena.
The People claim, inter alla, that defendants have no standing to challenge the subpoena directed to a third-party accountant.
The People also state that any delays in proceeding with the Grand Jury investigation have been caused by plea conferences initiated by defendants. Any argument that the People are on a fishing expedition is countered by the proposition that the purpose of the Grand Jury is to investigate whether or not a crime has been committed. It is argued that defendants must demonstrate that the records sought are immaterial and irrelevant to a legitimate objective of the Grand Jury investigation.
The defendants concede in their reply papers that they are not asserting Fourth and Fifth Amendment privileges with respect to the demand for personal tax returns from their accountant but that they have standing to move to modify based upon a privacy interest in their personal tax returns and that those documents don’t have any relevance to any legitimate Grand Jury inquiry.
DISCUSSION
Defendants argue that they have standing to challenge the production of their personal income tax returns by their accountant under a right of privacy. This contention is without merit.
Contrary to defendants’ claim, they do not derive any right to privacy from disclosure of their tax returns by a third-party accountant under Tax Law § 697 (e) or the Federal Tax Reform Act of 1976. Section 697 (e) of the Tax Law only prohibits the Tax Commission, any Tax Commissioner, any officer or employee of the Department of Taxation and Finance or any of its agents or any person who inspects or is furnished a copy of a tax return pursuant to section 697 (e) *304 from divulging or disclosing any information contained on the forms. It does not confer any independent right of privacy or confidentiality from disclosure of information contained on an income tax return except as set forth in that section. In the instant case the Grand Jury subpoena was directed at Jaffee, defendants’ accountant. Therefore, they have no standing to challenge the relevancy of the subpoenaed documents under this section.
Similarly, section 6103 of the Internal Revenue Code (26 USC) only prohibits the United States Government and those persons who have access to Federal tax returns from the Government pursuant to section 6103 from disclosing or divulging any tax return or information contained thereon. (26 USC § 6103 [a].) The defendants’ accountant is not, therefore, prohibited by reason of confidentiality or right of privacy under this section from producing defendants’ Federal tax returns in compliance with a Grand Jury subpoena.
Additionally, the court notes that section 6103 expressly provides that tax returns are open to inspection to State and local law enforcement agencies (26 USC § 6103 [d]).
Since defendants have established no property rights, nor any recognized right of privacy, confidentiality or accountant/ client privilege (see, Couch v United States, 409 US 322) with respect to their personal income tax returns, the court finds that defendants have no standing to challenge the production of same by their accountant.
Accordingly, defendants’ application to modify is denied.